[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR MODIFICATION/RELOCATION [155]
Plaintiff, Debra Pardo, formerly Debra Brennan, and the defendant, Gilbert Brennan, are the parents of Ryan Brennan, now age 11 1/2 (date of birth — October 30, 1990).
The marriage of the parties was dissolved on April 16, 1993. The judgment provided that sole custody of Ryan would be with the plaintiff, then Debra Brennan.
Thereafter, plaintiff remarried. Her married name is "Pardo." In May 2001, and for some years before, Debra, Pardo lived with her husband and Ryan in Bristol, Connecticut. Gilbert Brennan lived in Westerly, Rhode Island.
In May 2001 both Pardos had been working for the Arrow Manufacturing Company in Bristol. Debra was the company controller. Mr. Pardo was a department foreman.
In 2001, Arrow Manufacturing was in some distress. The Pardos feared the worst; they thought the future of Arrow Manufacturing and their employment were in danger. They made some effort to get employment in Connecticut and surrounding states but to no avail. Mr. Pardo obtained employment in North Carolina at a wage roughly commensurate to what he earned at Arrow Manufacturing. The cost of living in North Carolina is markedly lower than in Connecticut. They decided to move to North Carolina.
Plaintiff informed defendant of the move. Defendant moved the court for an order barring plaintiff's moving Ryan to North Carolina. This court (Fischer, J.) ordered that Ryan not be taken to North Carolina. Plaintiff moved to relocate to North Carolina. Later, after another hearing, the court ordered that Ryan live with his father in Westerly, Rhode Island, CT Page 6793 until further order of the court.
The court has heard plaintiff's motion to relocate.
In the court proceedings in 2001 and in the hearing on the motion to relocate, plaintiff testified she and Mr. Pardo had lost (had been laid off from) their jobs at Arrow Manufacturing. In fact, as was developed during cross examination at the relocation hearing, both Pardos resigned from Arrow Manufacturing. Plaintiff's credibility has suffered.
Nevertheless, the court finds the Pardo's move to North Carolina was justified as they perceived their futures at Arrow Manufacturing. The decision to move was for legitimate purposes.
Ryan is in the fifth grade. Ryan has a learning disability. The nature of his disability causes him difficulty in reading. Ryan, although in the fifth grade, reads considerably below his grade level. The court heard varying views and estimates on Ryan's reading level, any where from second grade level to fourth grade level. The court heard much about the Westerly School System's efforts and weaknesses in addressing Ryan's reading problem. One thing is clear, constant parental involvement in making sure Ryan does his assignments and motivating him daily is vital to his overcoming his reading deficiencies.
Ryan changed from living with his mother to living with his father in September 2001. This big change in his life, a major disruption, probably caused some slowing of his progress.
Defendant testified extensively about his daily involvement monitoring Ryan's homework. The court heard this matter on Tuesday and Wednesday, May 7 and 8. The matter was continued until Friday, May 10.
On Thursday, May 9, Ryan had an after school appointment with his allergist. His paternal grandfather arrived at the school to take Ryan to the appointment. Plaintiff was at the school. At the grandfather's suggestion, plaintiff took Ryan to the appointment.
Apparently, plaintiff mother took Ryan's assignment book from him. That book, in addition to Ryan's notations regarding his homework assignments, contained communications between Ryan's teachers and defendant. Plaintiff brought the. assignment book to court. It was introduced in evidence. The teacher's note for May 9, 2002 was to the effect that Ryan frequently did not do his homework at home but rather waited until school to do it. The May 9 entry and others to like effect cast doubt on defendant's direct testimony about his level of involvement and supervision of Ryan's homework assignments. CT Page 6794
Much of the evidence concerned the ability of the Westerly School System to meet Ryan's needs. It is claimed that Ryan has regressed during his time in Westerly. The court has not been able to determine if this is a fact. And, of greater significance, the cause of any such slippage has not been established. Many factors and circumstances, not the least of which are the transfer of his living from one parent to the other and the change in schools, could have contributed. The court does not find the Westerly School System is at fault.
The court finds that the present schooling in Westerly is adequate for Ryan's needs. The necessary remediation is taking place.
The court has heard virtually nothing about the school resources available for Ryan in North Carolina. The court realizes, the burden is on the defendant to prove the relocation is not in the best interests of the child. Nevertheless, it would have been helpful for the court to have information about the educational opportunities and services available to Ryan in North Carolina.
Plaintiff and defendant both have family in the Westerly area. All four grandparents live in the immediate area. The paternal grandfather seems to be the most involved with Ryan and contributes greatly to his well-being.
Each of the parties have gone to some lengths to disparage the other. Perhaps that is due to the nature of the inquiry in this type of proceeding. However, both profess their desire to do what is best for Ryan. Ryan's well being would be well served if the level of the rancor directed toward the other was reduced significantly, if not totally eliminated. Both parties should heed this admonition.
The defendant has sustained "the burden of proving that the relocation [to North Carolina] would not be in the best interests of [Ryan]."Ireland v. Ireland, 246 Conn. 413, 428 (1998).
Joint custody of Ryan is awarded to both parties. Primary residence will be with the defendant father.
Parker, J.
c: |Brennan v. Brennan CT Page 6795